EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

COLUMBIA ALASKA REGIONAL HOSPITAL, Defendant— Appellee,

v.

Hiawatha B. Logan, Plaintiff-intervenor—Appellant.

No. 02–35884.

D.C. No. CV–00–00023–A–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2004.

Decided March 18, 2005.

courts of this circuit except as provided by   Ninth Circuit Rule 36–3.

James H. Juliussen, Davis Wright Tremaine LLP, Anchorage, AK, for Defendant–Appellee.

H. Ryan Fortson, Robert C. Bundy, Law Firm of Dorsey & Whitney LLP, Anchorage, AK, for Plaintiff–Intervenor–Appellant.

Hiawatha B. Logan, Anchorage, AK, pro se.

Before HALL, KLEINFELD, and WARDLAW, Circuit Judges.

## MEMORANDUM [*]

We review de novo the judgment as a matter of law.[1] A directed verdict is proper when the evidence presented "permits only one reasonable conclusion as to the verdict."[2] A complainant in a Title VII discrimination claim carries the initial burden of establishing a prima facie case of racial discrimination.[3] "In order to establish a prima facie case of discrimination, a plaintiff must show (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably."[4] Logan failed to introduce evidence that would permit a reasonable conclusion that non-black, similarly-situated employees were treated more favorably than he by the hospital. He did not establish personal knowledge to support his testimony that, contrary to hospital policy, white employees who were transferred were not required to undergo a 90–day appraisal period while black employees were required to do so. Because Logan did not make out a prima facie case, the evidence permitted only one reasonable conclusion as to the verdict, that Logan did not suffer from racial discrimination. Therefore, the district court properly directed a verdict in favor of the hospital.

Evidentiary rulings are reviewed for abuse of discretion and should not be reversed unless there is prejudice to the party.[5] The district court did not abuse its discretion in excluding the investigator's confidential report to the director of the Anchorage Equal Rights Commission because its admission would not have provided the evidence lacking in Logan's prima facie case.[6] Even if the report were ad-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1060 (9th Cir.2000).

2. *Moore v. Local Union 569 of Int'l. Bhd. of Elec. Workers*, 989 F.2d 1534, 1537 (9th Cir. 1993).

3. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

4. *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir.2003).

5. *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir.2001).

6. There are three different documents addressed by the dissent: (1) a letter of determi-

mitted under Federal Rule of Evidence 803(8)(C), the investigator's legal conclusion that the evidence constituted a prima facie case of discrimination would not have been admissible.[7] The remaining facts adduced by the investigator do not establish that non-black, similarly-situated employees were treated more favorably than Logan.

The district court did not abuse its discretion in excluding Logan's proffered witnesses after conducting voir dire and concluding that the witnesses lacked personal knowledge that would enable them to testify to relevant evidence. Nor did the district court abuse its discretion in not allowing Logan extra time to subpoena a witness that he had improperly served. The latitude that courts typically show pro se litigants on procedural matters[8] does not override the discretion that a judge has and needs to manage a trial.[9]

AFFIRMED.

WARDLAW, Circuit Judge, dissenting.

I respectfully dissent.

The record contains the EEOC's letter of determination and the parties' stipulated consent decree, approved and entered by the district court, which conclusively establishes that the EEOC found "there was reasonable cause to believe that Logan's allegations [of race discrimination] were true and that [defendant] had violated Title VII."[1] This was admissible evidence of discrimination. *See Chandler v. Roudebush,* 425 U.S. 840, 863 n. 39, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976) ("Prior administrative findings made with respect

nation by the EEOC with a finding that there is "reasonable cause to believe that the charge is true," and inviting informal conciliation; (2) a consent decree submitted to the district court by the EEOC and the plaintiff which makes no finding and requires no re-hiring of Logan nor any payment of compensation to Logan and recites that it "shall not be construed as an admission by the defendant of a violation of Title VII"; and (3) a document purporting to be a "confidential Anchorage Equal Rights Commission Memorandum" from an investigator for the Commission addressed to the Executive Director of the Commission. Logan did not offer as evidence the first two items—the report of the agency and the consent decree. What Logan sought to introduce in the district court was not the letter of determination, but the investigator's confidential report to his supervisor. That is not a report of the agency. If there was relevant non-hearsay evidence in the investigator's report to be submitted, either by the investigator or by the testimony from someone the investigator had talked to, it was incumbent upon Logan, as the district court concluded, to present that witness. The hearsay exception at Federal Rules of Evidence 803(8) applies to "reports" of "agencies," which Logan did not offer. The investigator's report, which he did offer, merely recommended *to* the agency that the agency make a

factual finding. Anchorage, Alaska Mun.Code of Regulations § 5.40.004A. An investigator reporting *to* the agency does not have authority, under the regulations of the agency, to make a finding of fact or a determination on behalf of or *by* the agency. *Id.* § § 5.40.004D, F.

7. *Hines v. Brandon Steel Decks, Inc.,* 886 F.2d 299, 302 (11th Cir.1989).

8. *See, e.g., Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988) ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements.").

9. *Cf. United States v. Jorn,* 400 U.S. 470, 480, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (citing a trial court's need to manage juries, witnesses, parties, and attorneys, and to set schedules as factors that can outweigh a defendant's right to a particular jury).

1. The EEOC's letter of determination was attached as Exhibit 2 to the consent decree filed in this case on August 21, 2001. The Appellee has thus had a fair opportunity to respond, and reversal on the basis of the letter is warranted.

to an employment discrimination claim may, of course, be admitted as evidence at a federal sector trial de novo. See Fed. Rule Evid. 803(8)(C).").

The EEOC's determination was based largely on a report from the Anchorage Equal Rights Commission (the "AERC Report"), which found that Logan had established a *prima facie* case and that "substantial evidence exists to credit the complainant's allegations of race discrimination." Indeed, in denying defendant's motion for summary judgment, the district court relied heavily on the AERC Report as "not only admissible evidence, but also probative of the alleged discrimination." The district court described the Report as offering "a detailed recitation of the facts as well as analysis of the circumstances surrounding defendant's treatment of Logan during his final year of his employment," and stated that it "has probative value and raises questions of material fact regarding defendant's alleged discriminatory treatment of Logan." The Report resulted from an "investigation made pursuant to authority granted by law," bore no indications of untrustworthiness, and was therefore admissible under Federal Rule of Evidence 803(8)(C). *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). Nevertheless, the district court erroneously ruled the AERC Report inadmissible because the Report had not been authenticated, even though authentication of the Report, a public record for purposes of Rule 803(8)(C), had never been an issue in the case. The district court compounded this error by advising Logan, who was proceeding *pro se*, that he could remedy the problem by calling a witness to authenticate the Report, then the very next morning refusing to grant Logan a continuance so that he could locate and serve the investigator who authored the Report, refusing to allow Logan to call the AERC

staff attorney who signed off on the Report, and directing a verdict for defendant. This was not only an abuse of discretion, but extremely prejudicial as it effectively precluded Logan from presenting his case.

Finally, Logan began to and did offer testimony that white employees who were transferred to a new position were not required to undergo a 90–day appraisal period, while he and a black co-worker were so required. After the district court explained to Logan that if he had personal knowledge of any of the factual information contained in his proposed Exhibit 3 he could testify to that himself, Logan testified: "I would gladly like to do that, sir. In regards to this exhibit that I propose that we have entered in, it was just speaking in terms about the other white individuals that was [sic] not placed on ninety-day appraisals." Defendant interrupted this testimony with an objection, and Logan failed to provide further testimony on this point after he became sidetracked attempting to describe his supervisor's deposition testimony concerning his work history.

While the evidence described above may not ultimately have resulted in a favorable jury verdict, it was sufficient to establish a *prima facie* case and to shift the burden to defendant to articulate a legitimate nondiscriminatory reason for terminating his employment. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The district court's erroneous and unjust decision to the contrary unfairly deprived Logan of his day in court. I therefore would reverse and remand for further proceedings.