Josefa ARROYO, Plaintiff–
Appellant/Cross–
Appellee,

v.

CONTINENTAL AIRLINES, INC., a business entity licensed to do business in the State of California, Defendant–Appellee/Cross–Appellant.

Nos. 04–55916, 04–56024.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Decided April 5, 2006.

Michael G. Portner, Esq., Los Angeles, CA, for Plaintiff-Appellant.

Steven G. Drapkin, Esq., Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, NOONAN, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Josefa Arroyo appeals the district court's grant of summary judgment to her former employer, Continental Airlines, Inc., in her diversity action brought under the California Fair Employment and Housing Act ("FEHA"), Cal. Govt.Code § 12940. Continental cross-appeals the district court's denial of its motion for sanctions against Arroyo's lawyer, Michael Portner. We review the grant of summary judgment de novo and the denial of sanctions for an abuse of discretion. *Trulis v. Barton*, 107 F.3d 685, 691, 692, (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both rulings.

## I. Summary Judgment

■ Arroyo's reasonable accommodation claim [1] fails for three reasons: (1) she never notified Continental that she needed accommodation for her back injury; (2) her informal radio requests for lifting help did not constitute notice to Continental; and (3) she testified that no one ever refused her informal requests for lifting assistance. *See Barnett v. U.S. Air., Inc.*, 228 F.3d 1105, 1114 (9th Cir.2000), *vacated on other grounds*, 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002) (holding that a plaintiff must notify her employer that she is disabled and desires accommodation). Arroyo's claim of discriminatory termination [2] fails because there is no evidence that someone outside of the protected class replaced her or was treated more favorably than she was. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir.2003); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 355, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000).

## II. Sanctions

■ A court has discretion to order sanctions pursuant to 28 U.S.C. § 1927 [3] for an attorney's reckless conduct, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), and also has discretion to impose sanctions under its inherent powers if it first makes a finding of bad faith. *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir.2001) (stating that bad faith is present when recklessness is "combined with an additional factor such as frivolousness, harassment, or an improper purpose.")

The district court found that Portner "failed to comply with prior orders, pursued claims that lacked evidentiary support, [and] filed papers that neither assist-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. An employer must "make reasonable accommodation" for an employee's "known physical ... disability." Cal. Gov't Code § 12940(m).

2. A plaintiff alleging discriminatory termination under FEHA has the initial burden of establishing that she: (1) belonged to a protected group; (2) was performing her job in a satisfactory manner; (3) suffered an adverse employment action; and (4) similarly situated persons outside of her protected class were treated more favorably than she was. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir.1996). The first three items are undisputed in this case.

3. Section 1927 provides: "Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

ed his client nor the court." Nevertheless, the district court has wide discretion in deciding whether to award sanctions. Although Portner's conduct, viewed objectively, appeared to be of a sanctionable nature,[4] the district court ruled that it could not "conclude that [Portner] has acted recklessly or in bad faith." Had the district court found recklessness or bad faith and imposed sanctions, we would have upheld its decision on this record. Yet it did not do so and, under the applicable standard of review, we cannot say that the district court abused its discretion.

The district court's rulings are **AFFIRMED**.

---

**4.** The district court dismissed, with leave to amend, Arroyo's complaints for inadequate pleading and for asserting claims that were outside of the limitations period. Portner then filed amended complaints that repeated the same errors. The complaints included claims that were unsupported by evidence.