Deborah ANDERSON, Plaintiff—
Appellant,

v.

AMERICAN AIRLINES, INC.; et al., Defendants—Appellees.

No. 05–16647.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 2007.

Filed Oct. 24, 2007.

F. Anthony Edwards, Esq., Seibel Finta & Edwards, Walnut Creek, CA, for Plaintiff–Appellant.

Paula Champagne, Esq., Littler Mendelson a Professional Corporation, San Francisco, CA, for Defendants–Appellees.

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Deborah Anderson appeals a district court order dismissing with prejudice her claims against American Airlines ("American") for wrongful termination based upon national origin discrimination and retaliation for taking medical leave, both of which the district court dismissed for failure to exhaust administrative remedies.[1] We review de novo claims barred for failure to exhaust administrative remedies, as required by California's Fair Employment and Housing Act and Title VII of the Federal Civil Rights Act of 1964. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir.2001). We reverse and remand the district court's order dismissing Anderson's claim of wrongful termination based upon national origin discrimination, and we affirm the district court's order dismissing Anderson's claim of retaliation due to medical leave.

Anderson was required to exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") before pursuing her claims in district court. *See Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir.2003); *Rodriguez*, 265 F.3d at 896. The district court has jurisdiction over any claims not specifically brought before the EEOC as long as they are "like or reasonably related to" the charges presented to the EEOC, or if the claims fall "within the scope of an EEOC investigation that reasonably could [have been] expected to grow out of the allega-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court dismissed with prejudice five of the six causes of action against American raised in Anderson's Second Amended Complaint, allowing Anderson to file her claim for unlawful business practices as a separate case. Anderson appeals the district court order only with respect to two claims: (1) wrongful termination based upon national origin discrimination; and (2) retaliation for taking medical leave.

tions" made before the EEOC. *Leong,* 347 F.3d at 1122 (internal quotation marks omitted) (citing *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir.1990)). In making this assessment, we construe Anderson's EEOC charges with the "utmost liberality" in her favor. *Sosa,* 920 F.2d at 1458 (internal quotation marks omitted).

■ In her EEOC charge,[2] Anderson listed her national origin as Belizean. Anderson stated that she was the victim of national origin discrimination, unwarranted disciplinary actions, and a pattern of harassment and retaliation by American. Anderson also stated that American refused to accept her doctor's medical release to return to work after a brief leave, and insisted that she sign a "Career Decision Day Letter" forcing her to relinquish her right to grieve future misconduct if she wished to maintain her employment.

The district court found that while Anderson claimed discrimination and harassment based on her national origin in her EEOC charge, she did not raise the separate claim of wrongful termination based on national origin discrimination. The district court also found that Anderson had submitted her EEOC charge two days before she was terminated. Because the EEOC destroyed all records relating to Anderson's charge, the scope of the actual EEOC investigation is unclear. However, Anderson's claim for wrongful termination due to national origin discrimination falls within the scope of an EEOC investigation that is like or reasonably related to or reasonably could have grown out of her EEOC charges of national origin discrimination. *See Sosa,* 920 F.2d at 1457. Furthermore, "[w]e conduct

this inquiry into allegations occurring not only before, but also after the filing of [Anderson's] charge." *Id.* at 1456–57. Thus, the district court erred in finding that Anderson failed to exhaust her administrative remedies with respect to this claim. *See id.* at 1456–58.

■ The district court did not err in finding that Anderson failed to exhaust her administrative remedies with respect to her claim of retaliation for taking medical leave. That claim is not "like or reasonably related to" her EEOC charge. *See Leong,* 347 F.3d at 1122. Furthermore, Anderson's national origin discrimination, retaliation and harassment charges would not reasonably trigger an investigation into a claim of retaliation for taking medical leave, as the "claims involve totally different kinds of allegedly improper conduct." *See Rodriguez,* 265 F.3d at 897. Therefore, Anderson's retaliation claim was properly dismissed for failure to exhaust her administrative remedies.

**REVERSED and REMANDED in part; AFFIRMED in part.** Each party shall bear its own costs on appeal.

---

2. We reject American's argument that Anderson's EEOC questionnaire cannot be considered a formal "charge." The letter accompanying the questionnaire specifically states that if the claimant does not check the box, the questionnaire will be considered a formal charge. Anderson did not check the box. However, we leave to the district court whether the questionnaire submitted was a verified complaint.