**Laura E. CARRASCO, Plaintiff–Appellant,**

**v.**

**SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, Defendant–Appellee.**

No. 05–17433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Dec. 4, 2007.

John Houston Scott, Esq., Jessica Morgan Ronco, Esq., Lizabeth N. Devries, Esq., The Scott Law Firm, San Francisco, CA, for Plaintiff–Appellant.

Louis A. Leone, Esq., Stubbs & Leone, Walnut Creek, CA, for Defendant–Appellee.

Before: HUG, THOMAS, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Laura E. Carrasco appeals the district court's grant of summary judgment in favor of the San Ramon Valley Unified School District ("District"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's decision to grant summary judgment de novo. *Qwest Commc'ns, Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006). On review, we determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir.2004).

Carrasco argues the District unlawfully terminated her in retaliation for her opposition to a practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a). She contends the District terminated her for circulating a petition opposing the District's alleged treatment of her supervisor.

To establish a successful opposition claim under Title VII, Carrasco must have reasonably believed the District engaged in discriminatory practices and opposed the unlawful practice by specifically referring to the unlawful practice. *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir.1983). She must also "make some showing sufficient for a reasonable trier of fact to infer that the [District] was

aware that [she] had engaged in protected activity." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir.2003).

■ Here, Carrasco's petition was vague and made no reference to discrimination by the District. Because of this lack of specificity, the District could not be aware that Carrasco "had engaged in protected activity." *Raad*, 323 F.3d at 1197. Logically, without referring to discrimination by the District, the petition circulated by Carrasco cannot be opposed to unlawful activity under Title VII. *See Crown Zellerbach*, 720 F.2d at 1013. Therefore, the petition that she circulated cannot be considered a protected activity.

Carrasco's Title VII retaliation claim also fails because she cannot prove a causal link between the petition and her termination. To establish a causal link, she must prove that the District was aware of her involvement in a protected activity. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir.1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."). Although Carrasco does not need substantial evidence to prove a causal link, Carrasco fails to present any evidence that the District was aware of her involvement in a protected activity. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894–95 (9th Cir.2005). Carrasco fails to establish a causal link between the petition and her termination because of the District's unawareness of her activity and the lack of evidence supporting her claim.

■ Carrasco also failed to establish a causal link between her termination and the letters she wrote complaining of the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

District's treatment of her. Before she wrote the letters, she signed a Last Chance Agreement ("Agreement") which put her on notice that any further disciplinary issues would result in her termination. As a result, Carrasco could not show that the District terminated her because of the letters that she wrote instead of the disciplinary issues that violated the Agreement. As she was already subject to and violated the Agreement when she wrote both the letters to the District, the District could enforce the Agreement and terminate her. *See generally Leong v. Potter,* 347 F.3d 1117, 1124–25 (9th Cir.2003) (holding that an employer can terminate an employee for violations after the employee signed a similar agreement). Therefore, the District could properly enforce the Agreement and terminate Carrasco's employment.

Finally, Carrasco's retaliation claims fail because she did not establish a *prima facie* case under a *McDonnell Douglas* analysis. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As previously discussed, she failed to prove that her activity was a protected activity under Title VII or that a causal link existed between the activity and her termination. Although very little evidence is necessary to raise a genuine issue of fact regarding the employer's discriminatory motive, Carrasco introduced none. *See McGinest v. GTE Service Corp.,* 360 F.3d 1103, 1124 (9th Cir.2004). By not establishing a protected activity or a causal link of the activity with her termination, Carrasco's *McDonnell Douglas* claim fails. *See id.* at 1122–23.

Finally, Carrasco neither proffered direct evidence nor substantial and specific circumstantial evidence of discrimination to establish a claim under a mixed-motive analysis. *See Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1029 (9th Cir.2006). Once again, her failure to show that she was engaged in a protected activity or establish a causal link between her termination and this activity subverts her claim. Therefore, her mixed-motive claim fails here as well.

With no evidence of discrimination, we conclude the district court properly granted summary judgment.

**AFFIRMED.**

