Claudia HOUSTON; et al.,
Plaintiffs—Appellants,

v.

ENCINITAS UNION SCHOOL DISTRICT; et al., Defendants—Appellees.

No. 04–55708.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 29, 2008.

Claudia Houston, Encinitas, CA, pro se.

Cassandra Houston, Encinitas, CA, pro se.

Brittany Houston, Encinitas, CA, pro se.

Daniel R. Shinoff, Esq., Stutz Artiano Shinoff and Holtz, San Diego, CA, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM **

Claudia Houston and her children, Cassandra and Brittany Houston, appeal pro se from the district court's judgment dismissing their claims under the Individuals with Disabilities Education Act ("IDEA"), section 504 of the Rehabilitation Act, and various state laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Leong v. Potter,* 347 F.3d 1117, 1121 (9th Cir.2003), and we affirm in part, vacate in part, and remand.

The district court properly dismissed appellants' claims under the IDEA and the Rehabilitation Act because they failed to exhaust administrative due process procedures or substantiate their claims that exhaustion was futile. *See* 20 U.S.C. § 1415(f), (i)(2)(A), (*l*) (requiring exhaustion); *Kutasi v. Las Virgenes Unified Sch. Dist.,* 494 F.3d 1162, 1167 (9th Cir.2007) (explaining that plaintiff who alleges a violation of Title V of the Rehabilitation Act must exhaust the IDEA's due process hearing procedure if the action "seek[s] relief that is also available under" the IDEA); *Robb v. Bethel Sch. Dist. # 403,* 308 F.3d 1047, 1050 n. 2 (9th Cir.2002) (noting that plaintiff bears the burden of proving that exhaustion of the IDEA's procedures would be futile or inadequate). The district court, however, should have dismissed Claudia Houston's federal claims without prejudice. *See O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1063 (9th Cir.2007) (explaining that the district court correctly dismissed the lawsuit without prejudice because plaintiff failed to exhaust administrative remedies); *Kutasi,* 494 F.3d at 1163–64, 1170 (affirming dismissal of complaint without prejudice when plaintiffs failed to exhaust administrative remedies in action seeking relief for injuries that could be redressed to some degree by the IDEA's procedures). Accordingly, we vacate the district court's judgment to the extent it dismissed Claudia Houston's federal claims with prejudice, and remand for entry of judgment dismissing the entire action without prejudice.

Because the district court properly dismissed appellants' federal claims, the court did not err by dismissing the state law claims. *See Scott v. Pasadena Unified Sch. Dist.,* 306 F.3d 646, 664 (9th Cir.2002) (holding that a federal court has no discretion to retain supplemental jurisdiction over state law claims if the court dismisses for lack of subject matter jurisdiction).

We do not consider any of the arguments raised for the first time on reply. *See Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1066 n. 5 (9th Cir.2003). Appellants' request for judicial notice and their motion for leave to file a supplemental brief and to enlarge the district court record are denied.

Appellants shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.