**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANNETTE GONZALEZ,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK),<br><br>        Defendant - Appellee. | No. 09-35422<br><br>D.C. No. 2:08-cv-00093-MJP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted March 8, 2010
Seattle, Washington

Before: TASHIMA, FISHER and BERZON, Circuit Judges.

Plaintiff-Appellant Dannette Gonzalez appeals the district court's dismissal

on summary judgment of her Title VII and Washington state law retaliation claims

against Amtrak. We affirm.

---

     [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

**1.** The district court erred by holding that Gonzalez failed to exhaust, for the purpose of Title VII, her allegation that Ragle refused to speak to her. Ragle's silence fell directly on the heels of his snide comment, so it "reasonably could be expected to grow out of the allegation[]" in Gonzalez's EEOC charge. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). The district court, therefore, should have considered it in addition to Ragle's snide comment, which was described in the EEOC retaliation charge.[1]

However, Gonzalez failed to exhaust all other allegations raised in this lawsuit but not described in the EEOC retaliation charge. These allegations largely involved individuals other than Ragle and occurred after the EEOC issued its right to sue letter for retaliation, so "[a] reasonable investigation by the EEOC would not have encompassed these allegedly retaliatory acts." *Vasquez v. County of L.A.*, 349 F.3d 634, 645 (9th Cir. 2003). Moreover, we cannot consider these allegations as part of a continuing violation, as Gonzalez did not assert in her EEOC charge a hostile work environment theory of retaliation or allege a series of retaliatory

---

[1] For this analysis, we rely on the actual text of Gonzalez's retaliation charge filed with the Washington State Human Rights Commission, which, contrary to the assertions of both parties, is part of the record. *See* Dist. Ct. Dkt. # 43-2, at 104.

incidents that would have suggested such a theory.  *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 638–39 (9th Cir. 2002).

**2.**  The district court clearly erred by dismissing Gonzalez's Washington Law Against Discrimination (WLAD) claim for a failure to exhaust, as state law does not impose such a requirement.  *See* Rev. Code Wash. §§ 49.60.030(2), 49.60.230(a)(1); *Cloer v. United Food & Commercial Workers Int'l Union*, 2007 WL 601426, at *5 (W.D. Wash. Feb. 22, 2007); *cf. Jones v. Rabanco, Ltd.*, 439 F. Supp. 2d 1149, 1160–61 (W.D. Wash. 2006) (dismissing Title VII claims for a failure to exhaust administrative remedies but addressing the same claims under WLAD on the merits).

**3.**  Despite the district court's errors, we affirm the dismissal of Gonzalez's claims on the merits.  "To establish a prima facie case of retaliation, a plaintiff must prove (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008); *accord Hollenback v. Shriners Hosps.*, 206 P.3d 337, 343 (Wash. Ct. App. 2009).[2] Gonzalez has not made such a prima facie showing for purposes of Title VII or WLAD.

---

[2]  It is uncontested that Gonzalez engaged in protected activity.

3

All allegations asserted by Gonzalez in opposition to summary judgment are properly before us with respect to the WLAD claim. We therefore address it first. Washington adopts the interpretation of federal discrimination law where doing so "further[s] the purposes and mandates of state law." *Antonius v. King County*, 103 P.3d 729, 735 (Wash. 2004). As neither party argues that Washington law differs from federal law for purposes of the following analysis, we apply principles of federal law to the WLAD claim.

**a.** Gonzalez has not set forth sufficient evidence to show that a retaliatory motive was the reason many of the incidents on which she relies occurred.

First, there is no evidence to support an inference of causation with respect to the retaliatory disparate workload allegation. Gonzalez originally complained that she was being discriminated against on the basis of sex by being assigned a harder workload than male laborers. There is no support in the record for Gonzalez's assertion at oral argument that the originally discriminatory workload issue improved for a period of time and then worsened in response to Gonzalez's protected activity: Gonzalez indicated in her deposition that her workload improved during the summer of 2008. Even if the unfair workload reemerged after the summer of 2008, the protected activity on which Gonzalez relies—the filing of

4

internal complaints, EEOC charges, and this lawsuit—occurred by January 2008. This sequence of events does not support any logical inference of a retaliatory motive for any second episode of unfair workload allocation, and Gonzalez did not identify such a motive at the time.

Second, Gonzalez points to no evidence that foreman Lane knew about her protected activity. As a result, her allegation that Lane engaged in retaliatory discipline fails for lack of causation. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003).

Third, Gonzalez has not shown that Amtrak was aware or should have been aware of co-workers' comments to her about getting Ngo fired, co-workers' refusal to speak to her, or Johnson's outburst at her. Nor has Gonzalez shown that Amtrak management encouraged these actions against her. Because "an employer cannot be held liable for misconduct of which it is unaware," *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001), Gonzalez has not made a prima facie showing that Amtrak caused co-workers' allegedly retaliatory conduct.

Finally, we reject for lack of evidence of causation Gonzalez's assertion that Duncan retaliated by refusing to do anything about her steam cleaning complaint. Gonzalez has not introduced any evidence that Duncan's response to the complaint differed in any way from his treatment of other similar complaints or from Amtrak

5

protocol. Duncan referred the matter to the Amtrak Dispute Resolution Office and noted that he "thought it prudent to approach DRO because, if [he] was wrong in approaching DRO, they would refer it back to [him]." Gonzalez has not made a prima facie showing that Duncan's response to Gonzalez's complaint was caused by her protected activity, instead of routine Amtrak practice.

      **b.**      Gonzalez has sufficiently created an inference of causation with respect to Ragle's snide comment and refusal to speak to her and to Duncan's yelling and charging at her. The temporal proximity of these incidents with respect to Gonzalez's protected activity is circumstantial evidence sufficient to support an inference of causation. *See Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000).

      "To determine whether an environment is sufficiently hostile" to constitute a retaliatory adverse employment action, we "look to the totality of the circumstances." *Id.* at 1245. Such circumstances include "the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

Gonzalez has not shown that Ragle's and Duncan's conduct would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation omitted). Their behavior, although unpleasant, does not rise to the level of an adverse employment action, especially given its infrequency. *Hardage v. CBS Broad. Inc.*, 427 F.3d 1177, 1189 (9th Cir. 2005); *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1112 (9th Cir. 2000). Gonzalez's WLAD claim, therefore, must be dismissed.

Gonzalez's Title VII claim cannot rely on Duncan's behavior or a hostile work environment theory of retaliation, as this factual basis and theory were not exhausted in the EEOC charge. Because we dismiss Gonzalez's WLAD claim for failure to demonstrate an adverse employment action, her weaker Title VII claim must be dismissed as well.

**AFFIRMED.**