**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIFANG SHI, | No. 09-15033 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01147-SRB |
| v. | |
| RUTH E. CARLSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Aifang Shi appeals pro se from the district court's summary judgment in her

action alleging national origin discrimination and retaliation in violation of Title VI

of the Civil Rights Act after being dismissed from a nursing program. We have

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Shi's discrimination and retaliation claims because she failed to create a triable issue as to whether the defendant's legitimate reasons for dismissing her were pretextual. *See Leong v. Potter*, 347 F.3d 1117, 1124-25 (9th Cir. 2003) (affirming summary judgment on Title VII claims where plaintiff did not raise a genuine issue of material fact as to whether employer's legitimate, nondiscriminatory reason for the challenged employment action was a pretext for discrimination); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 n.10 (9th Cir. 2002) (retaliation case fails where plaintiff does not demonstrate pretext); *see also Smith v. Barton*, 914 F.2d 1330, 1336 (9th Cir. 1990) (courts look to Title VII to determine appropriate rules under Title VI).

The district court properly granted summary judgment on Shi's claims under 34 C.F.R. §§ 100.3 and 100.7 because Shi abandoned these claims in her opposition to summary judgment. *See Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990).

We do not consider Shi's contentions that were not raised in the opening brief. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th

2                                                                    09-15033

Cir. 2008) (arguments not raised by a party in the opening brief are deemed waived).

Shi's motion to strike the answering brief is denied.

Shi's remaining contentions are unpersuasive.

**AFFIRMED.**