**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLANCA D. COLLINS, | No. 09-56652 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-01572-SGL-SS |
| v. | |
| JOHN E. POTTER, Postmaster General and DOUG BINGHAM, Postal Inspector, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted May 3, 2011[**]
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

Blanca Collins brought this action in federal district court alleging that her

termination from the United States Postal Service was discriminatory and

retaliatory. The district court granted Defendant's motion for summary judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on all claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Viewing the facts in the light most favorable to Collins, *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 746 (9th Cir. 2003), Collins has not established a prima facie case of race, gender, or national origin discrimination. Collins failed to show that she was treated less favorably than other similarly situated employees who were outside of Collins's protected class. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). The employee with whom Collins compares herself is not "similarly situated [to Collins] in all material respects," *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006), because the employee was not subject to a Last Chance Employment Agreement, nor does the record suggest that she was ever dishonest or insubordinate to a supervisor. Additionally, Collins has not argued and has offered no evidence to support her claim of age discrimination. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

The district court correctly held that Collins has not established a prima facie case of disability discrimination. Collins has failed to show that she was terminated because of her disability.[1] *See Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir. 1990). Collins does not allege that her supervisors became hostile to her

---

[1] We assume without deciding that Collins had a qualifying disability as defined by the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

2

upon learning of her disability, nor does she provide evidence that the tasks given to her were unrealistically difficult. *See Reynolds v. Brock*, 815 F.2d 571, 574 (9th Cir. 1987).

Moreover, Collins has not established a prima facie case of retaliation. Collins has failed to show a causal link between her 2003 informal Equal Employment Opportunity Commission complaint and Defendant's decision to terminate her eighteen months later. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 651 (9th Cir. 2004).

Because Collins has not established a prima facie case of discrimination or retaliation, her claims fail as a matter of law. However, even if Collins had been able to establish a prima facie case for any of her claims, they still must fail because Collins has not proved that Defendant's legitimate and non-discriminatory reasons for terminating her are pretextual. *See Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005). Therefore, the district court correctly granted Defendant's motion for summary judgment on all claims.

AFFIRMED.