**Dwight DOVE, Plaintiff—Appellant,**

v.

**BAYER HEALTHCARE, Biological Products Division, for profit business entity, Defendant—Appellee.**

No. 06–16352.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2008.

Filed June 4, 2008.

Howard Moore, Jr., Esq., Oakland, CA, Charles S. Ralston, Esq., East Chatham, NY, for Plaintiff–Appellant.

Jerome Schreibstein, Esq., Law Office of Jerome Schreibstein, Esq., San Francisco, CA, for Defendant–Appellee.

Before: HUG, KLEINFELD, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Dwight Dove appeals the district court's grant of summary judgment in favor of Bayer Healthcare LLC ("Bayer") on his race discrimination claim under the California Fair Employment and Housing Act, Cal. Gov't Code § 12940 ("FEHA"). The district court had jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir.2001), and we affirm the district court.

Dove, an African–American, contends that Bayer discriminated against him based on his race in violation of FEHA when it failed to hire him for a mechanic

position A or B. "Because California law under the FEHA mirrors federal law under Title VII, federal cases are instructive." *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1219 (9th Cir.1998). To establish a FEHA claim, we apply a burden-shifting test. *Id.* at 1219–20. First, the plaintiff must establish a *prima facie* case, being that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was rejected for the position; and (4) similarly situated employees not in the protected class received more favorable treatment. *Moran v. Selig,* 447 F.3d 748, 753 (9th Cir.2006). If the plaintiff establishes a *prima facie* case, then the burden shifts to the defendant to offer a nondiscriminatory reason for the adverse employment action. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). If the defendant offers a legitimate, nondiscriminatory reason, then the burden shifts to the plaintiff to show that the articulated reason is a pretext for discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ In this case, we conclude that the district court properly granted summary judgment for Bayer because Dove failed to establish a *prima facie* case. First, Dove failed to show that he was qualified for the mechanic position. The position was an upper-level position which required knowledge of heating, ventilation, and air conditioning ("HVAC") systems and prior HVAC work experience. Dove had no HVAC work experience, could not understand fundamental HVAC terminology or answer basic HVAC questions, received the lowest possible score on the HVAC technical questions test, and had limited educational exposure to HVAC systems.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The HVAC department supervisor, Richard Smith, stated that Dove demonstrated during the interview that he did not understand the duties of the position because he was unfamiliar with HVAC systems and did not have the knowledge that a low-level mechanic would possess. In contrast, Bayer hired an individual who had fifteen years of HVAC experience, had owned his own HVAC company, and received an almost perfect score on the technical questions test. Thus, the district court properly found Dove offered no evidence that he was qualified for the position. *See McDonnell Douglas Corp.,* 411 U.S. at 804, 93 S.Ct. 1817 (citing standard).

Second, Dove also failed to establish a *prima facie* case because he could not show that similarly situated individuals not in his protected class were treated more favorably. Dove argued that Bayer hired Scott Higgins, a Caucasian, for a mechanic position B without HVAC experience. Higgins, however, was not similarly situated to Dove because Higgins and the hiring supervisor were friends, and there was no evidence of how Higgins performed in his interview or what the applicant pool was for that position. Moreover, with regard to the applicants for the position which Dove applied for, one Caucasian applicant who showed a lack of HVAC knowledge also did not receive the position. Thus, Dove failed to show that similarly situated individuals were treated more favorably. *See Leong v. Potter,* 347 F.3d 1117, 1124 (9th Cir.2003); *Moran,* 447 F.3d at 755.

Because Dove did not meet his burden of establishing a *prima facie* case of discrimination, we need not reach the questions of whether Bayer had a legitimate, nondiscriminatory reason for not hiring him for the mechanic position and whether

such reason was a pretext for discrimination. *See McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. 1817. Accordingly, we conclude that the district court properly granted summary judgment for Bayer on the FEHA claim.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.