**Billie HARRIS, Plaintiff–Appellant,**

v.

**B.J. PENN,\* Acting Secretary of the Navy, Defendant–Appellee.**

Nos. 07–16934, 07–16945.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.\*\*

Filed April 24, 2009.

Billie Harris, Fairfield, CA, pro se.

Yoshinori H.T. Himel, Esquire, US-SAC—Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

\* B.J. Penn is substituted for his predecessor, Donald C. Winter, as Acting Secretary of the Navy, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM \*\*\*\*

Billie Harris appeals pro se from the district court's judgment for the United States Navy in her actions alleging sex discrimination in employment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment on Harris's claim that her two-day suspension was motivated by sex discrimination because Harris failed to establish that similarly situated male employees were treated more favorably. *See id.* at 1124 (concluding that the district court properly granted summary judgment where plaintiff could not demonstrate a prima facie case of discrimination under burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); *Vasquez v. County of L.A.*, 349 F.3d 634, 641 (9th Cir.2003) ("Employees in supervisory positions are generally deemed not to be similarly situated to lower level employees.").

The district court properly granted summary judgment on Harris's claim arising from her non-selection for a position at the Puget Sound Naval Shipyard because she failed to raise a triable issue as to whether

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Navy's reason for not selecting her was pretext for discrimination or retaliation. *See Leong,* 347 F.3d at 1124–25 (affirming summary judgment where plaintiff did not raise any genuine issues of material fact as to whether employer's legitimate, nondiscriminatory reason for challenged employment action was pretext for impermissible motive).

The district court properly dismissed Harris's other discrimination claims because Harris failed to demonstrate that she exhausted her administrative remedies as to those claims. *See id.* at 1121–22.

Harris's remaining contentions are unavailing.

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.