**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELSA SOLVEIG BILLINGHAM, | No. 08-35781 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-00240-TMB |
| v. | |
| STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Elsa Solveig Billingham appeals pro se from the district court's summary

judgment in her employment action alleging sex and age discrimination and

retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Billingham's discrimination and retaliation claims because she failed to raise a genuine issue of material fact as to whether similarly situated employees were treated more favorably, *see id.* at 1124 (finding that the plaintiff's "proposed comparators [we]re not similarly situated because they were not subject to [a Last Chance Agreement]"), and as to whether defendant's reason for terminating her and classifying her as ineligible for rehire was pretextual, *see id.* at 1124-25 (affirming summary judgment where the plaintiff did not raise any genuine issues of material fact as to whether the employer's legitimate, nondiscriminatory reason for the challenged employment action was pretextual); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 801 (9th Cir. 2003) (affirming summary judgment on retaliation claim). Moreover, Billingham failed to show a causal connection between her administrative complaints and her termination and ineligibility for rehire. *See Manatt*, 339 F.3d at 802.

We do not address issues that Billingham has not raised or argued on appeal. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

Billingham's remaining contentions are unpersuasive.

**AFFIRMED.**

08-35781