**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

E. K. WADE,

  Plaintiff - Appellant,

v.

HILDA L. SOLIS, Secretary of Labor,
U.S. Department of Labor; et al.,

  Defendants - Appellees.

No. 09-16156

D.C. No. 3:08-cv-00001-EDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding[**]

Submitted October 19, 2010[***]

Before:    O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

  E. K. Wade appeals pro se from the district court's summary judgment in his

action alleging various employment-related claims.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See*
28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003), and we affirm.

As Wade concedes in his reply brief filed on January 13, 2010, his claims based on alleged adverse actions that occurred prior to June 30, 2003, are time-barred.  Accordingly, the district court properly granted summary judgment as to these claims.

The district court properly granted summary judgment on Wade's timely discrimination and retaliation claims because Wade failed to raise a triable issue as to whether his employer's legitimate, nondiscriminatory reasons for the employment decisions were pretextual, including whether the actions were taken against him because of disability-related conduct.  *See id.* at 1124-25 (discrimination); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 801 (9th Cir. 2003) (retaliation); *cf. Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1131, 1139-40 (9th Cir. 2001) (employee raised triable issue as to whether she was terminated based on her disability because she presented evidence that she was terminated for attendance problems related to her disability).

The district court properly granted summary judgment on Wade's hostile work environment claim because Wade failed to raise a triable issue as to whether the conduct to which he was subjected was (1) based on his race, age, or disability;

or (2) sufficiently severe or pervasive to alter the conditions of his employment. *See Manatt*, 339 F.3d at 798 (setting forth requirements for hostile work environment claim). Because Wade did not establish a hostile work environment claim, he did not meet the higher standard of a constructive discharge claim. *See id*. at 804.

The district court also properly granted summary judgment on Wade's accommodation claim because Wade failed to raise a triable issue as to whether he was entitled to an accommodation for his alleged disability or whether the accommodation he sought was reasonable. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (an employer is not required to provide the accommodation that the employee requests or prefers, but need only provide a reasonable accommodation).

Wade's remaining contentions are unpersuasive.

**AFFIRMED.**