**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN VALLIMONT, | No. 09-17485 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01227-JSW |
| v. | |
| CHEVRON ENERGY TECHNOLOGY COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted, February 15, 2011
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TALLMAN and CALLAHAN[**], Circuit Judges, and TARNOW[***], Senior District Judge.

Stephen Vallimont appeals the district court's grant of summary judgment in favor of his former employer, Chevron Energy Technology Company, on claims that he was wrongly terminated in violation of public policy and on the basis of reverse racial and gender discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., and the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940 et seq. Vallimont also appeals the district court's grant of summary judgment to Chevron on his claim that he was retaliated against in violation of the aforementioned laws. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This court has found that:

> [a] plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination by offering evidence that give[s] rise to an inference of unlawful discrimination. A plaintiff may establish a prima facie case either by meeting the four-part test

---

[**] Due to the death of the Honorable David R. Thompson, the Honorable Consuelo M. Callahan, United States Circuit Judge for the Ninth Circuit, has been drawn to replace him on this panel. Judge Callahan has read the briefs, reviewed the record, and listened to the audio recording of oral argument held on February 15, 2011.

[***] The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

laid out in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973), or by providing direct evidence suggesting that the employment decision was based on an impermissible criterion.

*EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009) (citations and internal quotation marks omitted).

To establish a prima facie case under the four-part test, a plaintiff must demonstrate: "that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000).

After a plaintiff establishes a prima facie case:

> [t]he burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action. If the employer does so, the plaintiff must then show that the articulated reason is pretextual either directly by persuading the [fact-finder] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. When the evidence is direct, we require very little evidence to survive summary judgment in a discrimination case. But when the plaintiff relies on circumstantial evidence, that evidence must be specific and substantial to defeat the employer's motion for summary judgment.

*EEOC*, 577 F.3d at 1049 (citations and internal quotation marks omitted).

3

California courts also apply the Title VII burden shifting analysis in analyzing state discrimination claims under FEHA. *See Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) (citing *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 (Cal. 2000)).

The district court properly granted summary judgment in favor of Chevron on Vallimont's reverse racial and gender discrimination claims under Title VII and FEHA. Even assuming arguendo that Vallimont established a prima facie case of discrimination, Chevron articulated a legitimate, nondiscriminatory reason for its decision to terminate him. Jeffrey Hedges, the division manager, made the decision to terminate Vallimont based on findings of misconduct that violated Chevron's equal employment and anti-harassment policies. These findings were based on an investigation done by Kathryn Gallacher, an employee relations counselor at Chevron who had previously performed close to one hundred investigations and had never met Vallimont, the workers interviewed, or any of the management employees prior to the investigation.

The district court properly determined that Vallimont failed to raise questions of fact regarding pretext. Vallimont has not demonstrated that other similarly situated employees were treated more favorably, as he has not identified any other worker who "amassed a record of misconduct comparable to" his own.

4

*See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).  Additionally, the record does not establish that Hedges played a large role in Gallacher's investigation and improperly attempted to sway her findings.  Rather, Gallacher ran the investigation without attempts by Hedges to bias the outcome.  Moreover, even if Gallacher's investigation were flawed, the record is void of any indication that Hedges lacked a sincere belief in her findings.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002).

Furthermore, we affirm the district court's grant of summary judgment as to Vallimont's retaliation claims.  In evaluating retaliation claims under Title VII and FEHA, we consider the *McDonnell Douglas* burden shifting analysis requiring a plaintiff to first set forth a prima facie case of retaliation.  *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 504 n.4 (9th Cir. 1989); *see also Flait v. North Am. Watch Corp.*, 3 Cal. App. 4th 467, 475-476 (Cal. Ct. App. 1992).  A plaintiff must demonstrate that: "(1) he engaged in a protected activity; 2) he suffered an adverse employment decision; and 3) there was a causal link between the protected activity and the adverse employment decision." *Villiarimo*, 281 F.3d at 1064.  If a prima facie case is established:

> [t]he burden of production then shifts to the defendant-employer to articulate a legitimate, non-retaliatory explanation for the adverse employment action.  If the employer successfully rebuts the inference

5

> of retaliation, the burden of production shifts back to the plaintiff to show that the defendant's proffered explanation is merely a pretext for impermissible retaliation.

*Miller*, 885 F.2d at 504 n.4 (citations omitted).

Vallimont has not established a prima facie case of retaliation because he has not demonstrated that he engaged in protected activity. The record does not show that he informed Chevron that Isabel Delgadillo received preferential treatment on the basis of her race, gender, or national origin in violation of Title VII or FEHA. And again, even assuming arguendo that Vallimont has set forth a prima facie case, Chevron asserted a legitimate, non-discriminatory reason for its action - an investigation revealed findings of inappropriate conduct in violation of company policy. Vallimont has failed to demonstrate that questions of fact exist as to whether this reason was really a pretext for unlawful retaliation because he has not shown that Hedges did not honestly believe Gallacher's report regarding Vallimont's misconduct to be true.

Finally, Vallimont's claim for wrongful termination in violation of public policy fails. "In order to sustain a claim of wrongful discharge in violation of fundamental public policy, [a plaintiff] must prove that his dismissal violated a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th

6

1238, 1256 (1994). Vallimont argues that Chevron's act of discriminating against him on the basis of race and gender violates public policy. However, as addressed above, Vallimont has not raised questions of fact as to whether he was wrongly terminated or retaliated against on the basis of race or gender.

Because Vallimont has failed to set forth questions of material fact, the district court's grant of summary judgment to Chevron on all appealed claims was warranted.

**AFFIRMED.**