**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANIE ALINE PINKNEY, | No. 11-15910 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01257-RLH-GWF |
| v. | |
| AMERICAN MEDICAL RESPONSE, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted January 11, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Janie Aline Pinkney appeals pro se from the district court's judgment in her
action alleging employment and racial discrimination in violation of Title VII of
the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. §§ 1983,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1985 and 1986.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

a dismissal for failure to state a claim, *Trerice v. Pedersen*, 769 F.2d 1398, 1400

(9th Cir. 1985), and summary judgment, *Leong v. Potter*, 347 F.3d 1117, 1123 (9th

Cir. 2003).  We affirm.

The district court properly dismissed Pinkney's claims under 42 U.S.C.

§ 1983 against defendants American Medical Response, Inc. ("AMR"), the AMR

employees, Emergency Medical Services Corporation, and Service Employees

International Union, Local 1107 ("Local 1107") because Pinkney failed to allege

facts sufficient to show that these defendants or their employees acted under color

of state law.  *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (to

state a claim under § 1983, a plaintiff must allege that a person "acting under color

of state law" committed the conduct at issue).

The district court properly dismissed Pinkney's claims under 42 U.S.C.

§ 1983 against defendant Southern Nevada Health District ("SNHD") because

Pinkney failed to allege that SNHD had a deliberate policy, custom, or practice that

caused the alleged constitutional violation.  *See Monell v. Dep't of Social Services*,

436 U.S. 658, 691-95 (1978); *Galen v. County of Los Angeles*, 477 F.3d 652, 667

(9th Cir. 2007) (a municipal entity is liable under § 1983 only if the

unconstitutional conduct is caused by a municipal policy or custom, or by a failure to train officials).

The district court properly dismissed Pinkney's claims under 42 U.S.C. §§ 1985 and 1986 against all defendants because Pinkney failed to allege facts sufficient to show a conspiracy to discriminate against her on race or other class-based grounds. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988) (an allegation of a § 1985 conspiracy without factual specificity is insufficient); *Trerice*, 769 F.2d at 1403 (§ 1986 claim must be premised on valid § 1985 claim).

The district court properly dismissed Pinkney's claim against defendant Local 1107 for breach of the duty of fair representation because Pinkney's allegations that Local 1107 failed to communicate with her for a discriminatory reason are entirely conclusory. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (conclusory allegations of law are insufficient to defeat a motion to dismiss for failure to state a claim); *see also Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985) (complaint dismissed when plaintiff failed to allege facts sufficient to show the union's conduct was arbitrary, discriminatory, or in bad faith).

The district court properly dismissed Pinkney's Title VII claims against defendant Emergency Medical Services Corporation because Pinkney failed to allege any special circumstances that would justify liability for any Title VII violations by its wholly-owned subsidiary. *See Assn. of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 582 (9th Cir. 2000).

The district court properly granted summary judgment on Pinkney's Title VII disparate treatment claim against AMR because Pinkney failed to raise a genuine dispute of material fact as to whether she performed her job satisfactorily, whether similarly situated individuals outside her protected class were treated more favorably, or whether AMR's legitimate, nondiscriminatory reasons for its actions were pretextual. *See Leong*, 347 F.3d at 1124-25.

The district court properly granted summary judgment on Pinkney's § 1983 claims against Rory Chetelat and Stephen Minagil because Pinkney failed to provide evidence raising a genuine dispute of material fact as to as to whether she was intentionally treated differently from similarly situated persons. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

We reject Pinkney's remaining contentions, including that the district court abused its discretion in denying her motions to reconsider and that defendants' attorneys engaged in misconduct. We do not consider Pinkney's contentions

raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We deny defendants Chetelat and Minagil's request for attorneys' fees under 42 U.S.C. § 1988.

**AFFIRMED.**