**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAWRENCE E. SALONE,

             Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA,

             Defendant - Appellee.

No. 13-56228

D.C. No. 2:13-cv-00368-PSG-JCG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

    Lawrence E. Salone appeals pro se from the district court's order denying

his motion requesting the return of approximately $127,860 in currency seized by

the United States government. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's interpretation of federal forfeiture law and for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

clear error its findings of fact, *United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 (9th Cir. 1996), and we affirm.

The district court properly determined that Salone's motion for the return of property was barred by the statute of limitations because Salone did not file the motion within five years of the date of final publication of notice of seizure. *See* 18 U.S.C. § 983(e)(1), (3) (providing that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture," but "not later than 5 years after the date of final publication of notice of seizure of the property"); *id.* § 983(e)(5) (motion brought under this section "shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute").

The district court did not abuse its discretion in declining to equitably toll the statute of limitations. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."); *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (setting forth standard of review).

The district court did not abuse its discretion in denying Salone leave to amend his motion because amendment would be futile. *See Lopez v. Smith*, 203

F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies cannot be cured by amendment).

Because Salone's motion for return of property was time-barred, we do not consider Salone's arguments that there was no probable cause for the search.

**AFFIRMED.**

13-56228