**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY D. NATTY, | No. 14-55561 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-10147-FMO-CW |
| v. | |
| MEGAN J. BRENNAN[*], Postmaster General, United States Postal Service, | MEMORANDUM[**] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted January 18, 2017[***]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Anthony D. Natty appeals pro se from the district court's summary judgment

in his employment action alleging discrimination under Title VII.  We have

--------

[*]      Megan J. Brennan has been substituted for her predecessor, Patrick R. Donahoe, as Postmaster General under Fed. R. App. P. 43(c)(2).

[**]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment on Natty's race, color, and national origin discrimination claims because Natty failed to raise a genuine dispute of material fact as to whether similarly situated individuals outside of his protected class were treated more favorably and whether defendant's legitimate, nondiscriminatory reasons for his termination were pretextual. *See id.* at 1124 (rejecting plaintiff's discrimination claim because he failed to establish that similarly situated employees were treated more favorably); *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658-59, 61-64 (9th Cir. 2002) (setting forth the burden-shifting framework applied to Title VII employment discrimination claims, and requiring a plaintiff to present substantial and specific evidence demonstrating that defendant's actions were pretext for discrimination).

The district court did not err in dismissing as unexhausted Natty's disability, retaliation, and hostile work environment claims. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

The district court did not abuse its discretion in ruling on defendant's summary judgment motion prior to the completion of all outstanding discovery

2                                                                                    14-55561

requests because Natty had not requested any further, discoverable evidence that would have changed the outcome of the order granting summary judgment. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) (setting forth standard of review).

We do not consider any arguments or claims that Natty did not present to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

We reject as unsupported by the record Natty's contentions that the district court exhibited bias.

**AFFIRMED.**