NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO LAPARRA, | No. 17-56278 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-09356-GW-DTB |
| v. | |
| ELAINE C. DUKE, Acting Secretary of the U.S. Department of Homeland Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted April 11, 2018**

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Sergio Laparra appeals pro se from the district court's summary judgment in his employment discrimination action alleging violations of Title VII and the Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003), and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

The district court properly granted summary judgment on Laparra's Title VII claims because Laparra failed to raise a genuine dispute of material fact as to whether defendant treated similarly situated employees more favorably. *See Leong v. Potter,* 347 F.3d 1117, 1124-25 (9th Cir. 2003) (summary judgment appropriate where plaintiff fails to make out a prima facie case by not having evidence of similarly situated individuals); *Vasquez*, 349 F.3d at 641 ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct.").

The district court properly granted summary judgment on Laparra's disability discrimination claim under the Rehabilitation Act because Laparra failed to raise a genuine dispute of material fact as to whether defendant discriminated against him because of his alleged disability. *See Walton v. U.S. Marshals Serv.,* 492 F.3d 998, 1005 (9th Cir. 2007) (elements of prima facie case of disability discrimination under the Rehabilitation Act).

We reject as without merit Laparra's arguments regarding discovery.

**AFFIRMED.**

2