NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAM LEYBA, | No. 18-15295 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01122-JCM-CWH |
| v. | |
| NV ENERGY, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 15, 2018[**]

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Sam Leyba appeals from the district court's judgment dismissing his

employment discrimination action alleging violations of Title VII and state law.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6). *AE ex rel. Hernandez v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We affirm.

The district court properly dismissed Leyba's discrimination claim because Leyba failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (elements of discrimination claim under Title VII).

The district court properly dismissed Leyba's hostile work environment claim because Leyba did not allege that the conduct was sufficiently severe or pervasive. *See Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (Title VII hostile work environment claim requires plaintiff to establish that conduct was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment").

The district court did not abuse its discretion by denying Leyba a second opportunity to amend because Leyba did not make such a request and failed to identify facts that could cure the deficiencies in his complaint. *See* D. Nev. R. 15-1; *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (no abuse of discretion to deny further leave to amend where plaintiff failed to identify facts that could cure the deficiencies in the complaint); *AE ex rel. Hernandez*, 666 F.3d at 636 (setting forth standard of review and explaining that district court may deny

leave to amend where proposed amendments would be futile).

**AFFIRMED.**