

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO MORENO, | No. 19-15715 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02583-JCM-NJK |
| v. | |
| COX COMMUNICATIONS LAS VEGAS, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 6, 2020[**]
Seattle, Washington

Before: KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

Francisco Moreno (Moreno), a Mexican male, appeals the district court's

grant of summary judgment in favor of his employer Cox Communications (Cox).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cox terminated Moreno due to Moreno's failure to disclose an arrest on his work card application.

We review a grant of summary judgment *de novo*. *See Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018). We must determine, after "viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *L. F. v. Lake Washington Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020) (citation omitted).

Moreno asserts a claim under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of race (Hispanic) and national origin (Mexican). Courts utilize the *McDonnell Douglas* burden-shifting framework to evaluate discrimination claims under Title VII. *See Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). Under this framework, an employee must first establish a *prima facie* claim of discrimination. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007).

To establish a *prima facie* claim, a plaintiff must present evidence giving rise to the inference that his employer treated him differently than similarly situated individuals not belonging to the same protected class. *See Leong v. Potter*,

347 F.3d 1117, 1124 (9th Cir. 2003). Once the employee establishes a *prima facie* case, "the burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Hawn*, 615 F.3d at 1155 (citation omitted). If the employer meets this burden, the employee is responsible for raising a triable issue of material fact as to whether the employer's reasons for its adverse employment action are pretext for unlawful discrimination. *See Noyes*, 488 F.3d at 1168.

Moreno alleged that he was replaced by Mr. Seltz, a Caucasian male. However, Moreno failed to provide evidence that he and Seltz were similarly situated, namely that Seltz also failed to report an arrest on a work card application. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004), *as amended* ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct") (footnote reference omitted).

Even if Moreno were able to establish a *prima facie* claim, he failed to raise a genuine issue of material fact as to pretext. *See Noyes*, 488 F.3d at 1170-1171 ("[A]t the summary judgment stage, a plaintiff may raise a genuine issue of material fact as to pretext via (1) direct evidence of the employer's discriminatory motive or (2) indirect evidence that undermines the credibility of the employer's articulated reasons") (citation omitted).

3

**AFFIRMED.**