NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LISA LEAKE; KRISTEN GRACE; JOSEPH HEYSER; CHRISTOPHER STEIN; LESLIE ZEPEDA, each individually and on behalf of all other similarly situated,

Plaintiffs-Appellants,

v.

RAYTHEON TECHNOLOGIES CORPORATION,

Defendant-Appellee.

No. 23-15320

D.C. No. 4:22-cv-00436-RM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted November 7, 2023[**]
Phoenix, Arizona

Before: HAWKINS and COLLINS, Circuit Judges, and SEEBORG,[***] District Judge.

Plaintiffs, five former employees of Defendant Raytheon Technologies

Corporation ("Raytheon"), appeal the district court's dismissal of their complaint

challenging, under Title VII of the Civil Rights Act of 1964, Raytheon's policies

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

concerning employee vaccination against Covid.  Plaintiffs allege that, while they were each granted religious or medical exemptions from Raytheon's requirement to take the Covid vaccine,[1] the conditions that Raytheon imposed on these exemptions, and Raytheon's overall enforcement of its policies, resulted in (1) discrimination based on religion, (2) a hostile work environment based on religion, and (3) unlawful retaliation.  The district court dismissed the complaint for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6), and Plaintiffs timely appeal.  We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's dismissal de novo.  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004).  We affirm.

1.  In challenging the dismissal of their religious discrimination claim, Plaintiffs rely solely on the contention that they pleaded sufficient facts to establish a prima facie case of disparate treatment under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  To satisfy that burden, Plaintiffs had to plead facts showing that (1) they "belong[] to a protected class";

---

[1] Plaintiffs' opening brief on appeal contends that Plaintiffs Lisa Leake and Joseph Heyser did not in fact receive an exemption, but the complaint specifically alleges that the opposite is true.  As to Leake, the complaint alleges that her "religious accommodation was approved," subject to conditions.  As to Heyser, the complaint notes that he was subject to Raytheon's "blanket 'accommodation' for those with medical or religious exemptions," which required him to wear a mask and be tested weekly, and that, when the masking requirement was lifted only for vaccinated employees, he was then "identifiable as a person who had a medical or religious objection."

(2) they were "qualified for the[ir] position[s]"; (3) they were "subject to an adverse employment action"; and (4) "similarly situated individuals outside [their] protected class were treated more favorably." *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802). Plaintiffs' complaint wholly fails to plead the fourth element. To satisfy this element, the complaint had to plead facts showing that there were non-religious employees who, like Plaintiffs, declined to comply with the vaccination requirement or with the conditions attached to exemptions but who were not subject to the adverse consequences that Plaintiffs allege. The complaint does not allege that there are any such persons; indeed, it affirmatively alleges that Raytheon imposed a "blanket" accommodations policy that treated the conditions for *any* exemptions that were granted, whether medical or religious, as "non-negotiable."

2. Plaintiffs' hostile environment claim fails for similar reasons. "A hostile work environment is shown by 'the existence of severe or pervasive and unwelcome verbal or physical harassment because of plaintiff's membership in a protected class.'" *Washington v. Garrett*, 10 F.3d 1421, 1431 n.14 (9th Cir. 1993) (citation omitted). Plaintiffs have pleaded no facts showing that the actions that they allege were harassing—namely, "constant reminders" via "emails, company shout-outs," and "signs" encouraging "vaccination compliance"; emails seeking to enforce the vaccination policy; and Raytheon's later requiring only unvaccinated

3

employees to mask—were imposed on them "because of [their] membership in a protected class," here, religion. The complaint's own allegations establish that these vaccine-policy communications and measures were imposed on all employees, not just religious ones, and nothing in the complaint comes close to supporting a "plausible" inference that the alleged pro-vaccine messaging campaign was undertaken even in part based on religion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3. To state a claim for retaliation, Plaintiffs had to plead sufficient facts to establish that "(1) [they] engaged in activity protected under Title VII, (2) the employer subjected [them] to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000). The causal link required for a retaliation claim under Title VII is that the plaintiff's "protected activity was a but-for cause of the alleged adverse action by the employer." *University of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). Plaintiffs failed to plead any facts plausibly establishing but-for causation between the alleged adverse actions and Plaintiffs' alleged protected activity of asserting religious objections to Raytheon's "vaccine directives." As the district court recognized, the complaints' allegations confirm that the "but-for cause of Plaintiffs' termination" was not their religious objections to the vaccine, but rather

4

"Plaintiffs' refusal to comply" with the "conditions" that Raytheon neutrally imposed on all non-vaccinated employees. Moreover, the complaint does not plead any facts suggesting that Plaintiffs' objections to masking or testing were themselves religious-based.

4. Plaintiffs attempt to raise certain constitutional claims for the first time on appeal, but we decline to consider them. *See Community House, Inc. v. City of Boise*, 490 F.3d 1041, 1053–54 (9th Cir. 2007).

**AFFIRMED.**