NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN W. CHANDLER,

        Plaintiff - Appellant,

  v.

LOUIS DEJOY, Postmaster General of the
United States Postal Service,

        Defendant - Appellee,

and

MEGAN J. BRENNAN, Former Postmaster
General of the United States Postal Service,

        Defendant.

No. 24-1265

D.C. No.
2:20-cv-00924-DWL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted May 13, 2025[**]
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant John Chandler ("Chandler") was employed as a City Letter Carrier for Defendant-Appellee, the United States Postal Service ("Defendant"). Defendant terminated Chandler's employment in May 2016 following over two dozen unscheduled absences between November 2015 and March 2016 related to Chandler's mental and physical health problems. We review the district court's dismissal of Chandler's claims of age and disability discrimination, retaliation, and hostile work environment, and its entry of summary judgment on Chandler's Rehabilitation Act claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly granted summary judgment for Defendant on Chandler's claim under the Rehabilitation Act, 29 U.S.C. § 794. To state a claim, a plaintiff who is disabled must prove that he is "qualified" for his position. *Cripe v. City of San Jose*, 261 F.3d 877, 884 (9th Cir. 2001). "If a disabled person cannot perform a job's 'essential functions' (even with a reasonable accommodation)," then the person is not a "qualified individual" and "the ADA's [and Rehabilitation Act's] employment protections do not apply."[1] *Id.* Here, the descriptions in the record for Chandler's job clearly establish that regular physical attendance is an essential function. It is undisputed that Chandler's disability prevented him

---

[1] The standards used to determine a violation of the Rehabilitation Act are the same as those set forth under the Americans with Disabilities Act (ADA). 29 U.S.C. § 794(d).

performing this essential function without a reasonable accommodation.

Chandler argues that "intermittent leave and leave for a period of time [i]s a reasonable accommodation." He is mistaken. Where an essential job function is "on-site regular attendance," allowing a plaintiff to "simply miss work whenever she felt she needed to and apparently for so long as she felt she needed to as a matter of law is not reasonable on its face." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1238, 1240 (9th Cir. 2012) (cleaned up). Because Chandler fails to establish a reasonable accommodation, he is not a qualified individual, and his Rehabilitation Act claim is foreclosed.

2. The district court properly dismissed Chandler's other claims arising before February 19, 2016, for failure to exhaust administrative remedies, 29 C.F.R. § 1614.105(a)(1). As for claims arising after February 19, 2016, the district court properly dismissed his age discrimination claim for failure to adequately allege that younger employees received favorable treatment and his hostile working environment and retaliation claims for exceeding the scope of the district court's grant of leave to amend.

Chandler contends that the district court erred by dismissing the claims arising before February 19, 2016, because Defendant's discrimination was a "continuing violation," a "pattern and practice," and because "equitable tolling [is] applicable here." We disagree. The continuing violation doctrine is limited to

hostile work environment claims, not claims premised on "discrete discriminatory acts," as is the case here. *Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003) (citation omitted). We have also "consistently refused to apply the [pattern and practice theory] to rescue individualized claims that are otherwise time-barred" unless a plaintiff brings a class-wide claim. *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 748 (9th Cir. 2019). Chandler does not. Lastly, Chandler fails to set forth any facts to support equitable tolling. *See Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003).

**AFFIRMED.**