NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO FLORES, a single man, | No. 08-17018 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-00679-SMM |
| v. | |
| PHILLIP VERDUGO, a married man; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted June 16, 2011
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and SAMMARTINO, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Janis L. Sammartino, District Judge for the U.S.
District Court for Southern California, San Diego, sitting by designation.

Alberto Flores ("Flores") appeals the district court's grant of defendants' summary judgment motion in his Title VII discrimination action against Phillip Verdugo ("Verdugo") and Phoenix Union High School District ("District"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I.

To determine if an environment is sufficiently hostile or abusive to violate Title VII, this court considers the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). "[S]imple teasing, . . . offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks omitted). Rather, the offensive conduct "must be extreme to amount to a change in the terms and conditions of employment . . . ." *Id*.

In this case, the conduct of which Flores complains was not sufficiently severe or pervasive to alter the conditions of his employment. Flores contends that he overheard Verdugo tell another District employee that Flores "knew nothing about his Hispanic background, that he has been fed with a silver spoon, and he

2

acted like he was white." However, Verdugo's single comment about Flores is not sufficient to show a hostile work environment because "[s]imply causing an employee offense based on an *isolated comment* is not sufficient to create actionable harassment under Title VII." *McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1113 (9th Cir. 2004) (emphasis added). Furthermore, this comment did not refer to Flores's national origin and Flores did not bring a claim of racial discrimination.

Flores also asserts that he overheard a front-desk staff employee, Joan Carrillo ("Carrillo"), make disparaging remarks about foreign born students and their parents. In particular, Flores alleges he overheard Carrillo refer to Mexican born parents and students as "mojados" and Mexican born students as "mojaditos" or "wetbacks." Flores informed Verdugo about these comments and Verdugo promised to take care of the problem. Flores alleges Carrillo continued to use her offensive language. But these remarks were not directed at Flores and they did not humiliate or physically threaten Flores. Most importantly, Flores does not allege these remarks affected Flores's working conditions. Overall, Flores does not proffer sufficient evidence to create an inference that Carrillo's continued use of offensive language was "extreme [and] amount[ed] to a change in the terms and conditions of [Flores's] employment." *Faragher*, 524 U.S. at 788. Hence, the

3

district court properly granted defendants' motion for summary judgment on this issue.

## II.

We have subject matter jurisdiction over Flores's retaliation claim because it is "reasonably related to" the discrimination claim Flores presented before the EEOC. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); *see also Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006) ("Subject matter jurisdiction extends over all allegations . . . that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which can reasonably be expected to grow out of the charge . . . ." (emphasis in the original)).

No genuine issue of material fact exists as to whether Flores suffered retaliation in violation of Title VII. To establish a prima facie case of retaliation, Flores must show that (1) he was engaged in an activity protected under Title VII; (2) he suffered an adverse employment action; and (3) there was a causal link between his protected activity and the adverse employment action. *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2002). Flores contends that he suffered three adverse employment actions in retaliation to his lawsuit: (1) the District denied Flores's request for a transfer to another school, (2) the District refused to process his grievances against Verdugo, and (3) the District transferred

4

Flores to Carl Hayden, where Verdugo's mentor would be Flores's boss, even though Flores had explicitly requested not to be transferred to that school. All these claims fail on the merits.

First, transfers within the District are not automatic and Verdugo had no authority to transfer Flores to a different school. Rather, the record shows that Flores applied for other open positions within the District. Management at the schools where he applied determined, without any input from Verdugo, that he was not the best candidate for the positions he sought. Flores has no evidence that Verdugo spoke with any of those individuals regarding him.[1] Nor has he proffered any facts that could establish an inference that his discrimination lawsuit played a role in other administrators' decisions not to select him for positions for which he applied or sought to be transferred.

Second, there is no evidence in the record that the District did not follow its policy regarding investigations of complaints of discrimination. Flores contends that in his conversation with Assistant Superintendent for Human Resources Nora Gutierrez ("Gutierrez") regarding his grievances, Gutierrez told him that the

---

[1] Furthermore, in August 2005, Flores hired an outside company to call Verdugo and other individuals at the District, to check his references. The company called Verdugo and Verdugo rated Flores as satisfactory in all areas. The company's report further stated that Verdugo's tone of voice did not lead the company to think there was a problem.

5

District would not consider his internal grievances unless he dismissed his civil rights case and fired his lawyer. Flores grossly mischaracterizes what Gutierrez said. At no point did Gutierrez tell Flores that he had to fire his lawyer and drop his lawsuit to have his grievances considered. Rather, Gutierrez explained that because Flores filed his lawsuit and because the District obtained an attorney, all of Flores's correspondence would be forwarded to the District's attorney. Hence, this transcript does not create an inference of retaliation. Flores does not proffer any other evidence that the District did not follow its policy regarding investigations of complaints of discrimination.

Third, Flores's transfer to Carl Hayden occurred two years after his filing of a Charge of Discrimination with the EEOC. Flores fails to provide a causal link between his discrimination lawsuit and his transfer to the new school. Thus, the district court properly determined that Flores failed to raise a triable issue of fact as to whether he suffered an adverse employment action in retaliation to his Title VII claim.

**AFFIRMED.**