NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DON M. HOGAN; LINDA M. HOGAN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> NW TRUST SERVICES, INC.; et al., <br><br> Defendants - Appellees. | Nos. 10-35534, <br> 10-35536 <br><br> D.C. Nos. 6:10-cv-06027-HO, <br> 6:10-cv-06028-HO <br><br> MEMORANDUM* |

Appeals from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted June 15, 2011**

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

In these consolidated appeals, Don M. Hogan and Linda M. Hogan appeal

pro se from the district court judgments dismissing their actions arising out of two

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *King v. California*, 784 F.2d 910, 912 (9th Cir. 1986). We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes these cases are suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed appellants' Truth in Lending Act ("TILA") claim seeking damages as time-barred because their actions were not filed within one year of the alleged violations. *See* 15 U.S.C. § 1640(e) (an action for damages must be brought within one year of the alleged violation).

The district court properly dismissed appellants' TILA claim seeking rescission because appellants did not allege the ability to tender the proceeds of the loan. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003) ("[I]n applying TILA, a trial judge has the discretion to condition rescission on tender by the borrower of the property he had received from the lender." (citation, internal quotation marks and alteration omitted)).

The district court properly dismissed appellants' Real Estate Settlement Procedures Act claim as time-barred because appellants brought it more than one year after the alleged violation. *See* 12 U.S.C. § 2607 (prohibition against kickbacks and unearned fees); 12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of § 2607).

Contrary to appellants' contention, the district court did not abuse its discretion by concluding that equitable tolling did not apply to the federal causes of action because appellants did not allege facts suggesting that the alleged violations could not have been discovered by a reasonable plaintiff when they

occurred.  *See Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (decision to apply equitable tolling reviewed for an abuse of discretion).

Appellants' remaining contentions are unpersuasive.

We do not consider arguments and allegations raised for the first time on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Halligan & Associates' motions to dismiss the appeals are denied as moot.

**AFFIRMED.**

10-35534