**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 6 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID CLARK, | No. 10-15126 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00184-DAE-LEK |
| v. | |
| GOODWILL INDUSTRIES OF HAWAII, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
David Alan Ezra, District Judge, Presiding

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

David Clark appeals pro se from the district court's summary judgment in

his action alleging hostile work environment, discrimination, and retaliation. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Donohue v. Quick*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010), and we affirm.

The district court properly granted summary judgment on the hostile work environment claim based on Clark's coworker's single e-mail because the EEOC charge was filed more than 300 days after the incident. *See* 42 U.S.C. § 2000e-5(e); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002) (for an EEOC charge of hostile work environment to be timely, the employee must file the charge within the statutory time period of any act that forms the hostile work environment). Moreover, even if Clark's EEOC charge had been timely as to this claim, the district court properly concluded that the e-mail "was neither severe nor pervasive enough to alter the conditions of [his] employment." *Manatt v. Bank of Am.*, 339 F.3d 792, 799 (9th Cir. 2003).

The district court properly granted summary judgment on the discrimination claim because Clark failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for its adverse employment actions were a pretext for discrimination. *See Leong v. Potter*, 347 F.3d 1117, 1124-25 (9th Cir. 2003).

The district court properly granted summary judgment on the retaliation claim because Clark failed to raise a genuine dispute of material fact as to whether there was a causal link between his alleged protected activity and his termination.

*See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796-97 (9th Cir. 1982) (there is no causal link if the decisionmaker is unaware of the protected activity).

Clark's remaining contentions are unpersuasive.

Clark's motion for appointment of counsel is denied.

**AFFIRMED.**