FILED

NOT FOR PUBLICATION

OCT 7 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEROME STRONG, Rev., | No. 10-15703 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-05209-SBA |
| v. | |
| MORGAN STANLEY DEAN WITTER, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra Brown Armstrong, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Jerome Strong appeals pro se from the district court's summary judgment in

his employment action alleging race discrimination and sexual harassment in

violation of Title VII and the California Fair Employment and Housing Act

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment on Strong's race discrimination claim because Strong failed to raise a genuine dispute of material fact as to whether he performed his job satisfactorily, similarly situated individuals outside his protected class were treated more favorably, or that Morgan Stanley's legitimate, nondiscriminatory reasons for terminating him were pretextual. *See id.* at 1124-25; *see also Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (same analysis applies to Title VII and FEHA claims).

The district court properly granted summary judgment on Strong's sexual harassment claim because Strong failed to raise a genuine dispute of material fact as to whether the alleged conduct was because of his sex or was sufficiently severe or pervasive to alter the conditions of his employment. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79-82 (1998).

Strong's remaining contentions are unpersuasive.

**AFFIRMED.**