NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL BERNARD JOHNSON, III, | No. 09-16263 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-05756-SI |
| v. | |
| CHEVRON CORPORATION, a Delaware corporation; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation; CATHERINE DREW; KATHRYN M. GALLACHER; ROBERT SCHMITT; HARALD SMEDAL; SUSAN J. SOLGER; SELLERS STOUGH; KRYSTAL TRAN; DEBBIE WONG; GARY A. YAMASHITA; DOES 1 THROUGH 5; CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 12, 2012[]
San Francisco, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Samuel Bernard Johnson, III appeals pro se from the district court's summary judgment dismissal and order awarding costs in his employment action under 42 U.S.C. § 1981, Title VII, the California Fair Employment and Housing Act (FEHA), and the Americans with Disabilities Act (ADA). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment on Johnson's claims of race discrimination, retaliation, unfair treatment, and failure to train. "In order to establish a prima facie case of discrimination, a plaintiff must show (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (same analysis applies to Title VII and FEHA claims).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Johnson failed to raise a genuine dispute of material fact as to whether he performed his job satisfactorily or whether similarly situated individuals outside his protected class were treated more favorably. Moreover, Johnson has not demonstrated that Chevron Environmental Management Company (CEMC)'s legitimate, nondiscriminatory reasons for terminating him were pretextual.

The district court also properly granted summary judgment on Johnson's disability discrimination, retaliation and failure to accommodate claims because he failed to present any evidence creating a genuine dispute of material fact as to whether CEMC violated the ADA. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court does not have a duty to search for evidence that would create a factual dispute.").

Summary judgment dismissal of Johnson's harassment claim was appropriate. "To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). Johnson failed to raise a genuine dispute of material fact as to whether the alleged conduct was because of his race

3

or disability, or was sufficiently severe or pervasive to alter the conditions of his employment.

The district court did not abuse its discretion by denying Johnson's motion to file a further amended complaint to raise additional claims. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (noting that a district court's discretion to deny leave to amend complaint is especially broad where plaintiff previously filed an amended complaint).

The district court did not abuse its discretion in awarding taxable costs to CEMC as the prevailing party. *See Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).

Johnson's remaining contentions on appeal are unpersuasive. The motion for sanctions filed by Johnson is denied.

**AFFIRMED.**

4