FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDELL EARL MARTIN, | No. 11-15830 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00415-LJO-SMS |
| v. | |
| JEANNE S. WOODFORD, Director of Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Claudell Earl Martin, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs, and retaliation for filing grievances. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal on the basis of the statute of limitations and under Federal Rule of Civil Procedure 12(b)(6), *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and its summary judgment, *Toguchi v Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We review for an abuse of discretion the district court's decision whether to apply equitable estoppel and equitable tolling. *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). We affirm.

The district court properly dismissed Martin's deliberate indifference claim against McGuiness on the basis of the statute of limitations because Martin failed to file his complaint within two years of the final rejection of his appeal of his grievance. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999) (in § 1983 actions, federal courts borrow from the forum state the statute of limitations applicable to personal injury claims and tolling rules, but federal law determines when a claim accrued; under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."). Contrary to Martin's contention, equitable

estoppel does not apply because no prison official prevented Martin from bringing his claim, or misrepresented or concealed information pertinent to the claim. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (discussing requirements for equitable estoppel under California law).

The district court properly granted summary judgment for Patel on Martin's deliberate indifference claim because Martin failed to raise a genuine dispute of material fact as to whether Patel knew of and disregarded an excessive risk to his heart condition. *See Toguchi*, 391 F.3d at 1057 (a prison official is deliberately indifferent only if he knows of and disregards an excessive risk to an inmate's health).

The district court properly granted summary judgment for Fisher and Thomas on Martin's retaliation claim because Martin failed to raise a triable dispute as to whether these defendants took adverse action against him. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 1995) (discussing elements of a retaliation claim).

The district court properly granted summary judgment for Henry and Flory on Martin's retaliation claim because Martin failed to raise a triable dispute as to whether these defendants acted with retaliatory intent, and whether his transfer did not advance a legitimate, penological interest. *See id*.; *see also Pratt v. Rowland*,

65 F.3d 802, 808 (9th Cir. 1995) (concluding that timing was insufficient to establish retaliatory intent where there was no evidence that the defendants had knowledge of the plaintiff's protected activity).

The district court did not abuse its discretion by extending the time for defendants to file a dispositive motion because the length of the delay was brief, defendants gave several reasons for their requests, and there was no evidence of bad faith or prejudice. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (discussing the standard of review and a district court's broad discretion in supervising the pretrial phase of litigation); *see also Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004) (explaining that an attorney's calendaring error does not render the neglect inexcusable).

Martin's contention that the magistrate judge was biased against him is rejected.

**AFFIRMED.**