MEMORANDUM **
Plaintiffs, Anita Aranda and Gina Brock, appeal from the district court’s order granting summary judgment on their claims of national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., against Renown South Meadows Medical Center (Renown). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Leong v. Potter, 347 F.3d 1117, 1123 (9th Cir.2003), and affirm.
Even if plaintiffs established a prima facie case of employment discrimination under the burden-shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), they failed to show that Renown’s proffered “legitimate, nondiscriminatory reason” for terminating them— sleeping on duty — was a “pretext for unlawful discrimination.” Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 658 (9th Cir.2002). Plaintiffs aver that their direct supervisor expressed anti-Filipino animus. But the record shows that the director of human resources (who expressed no such bias) left the supervisor with virtually no choice but to terminate plaintiffs because of several reports of them sleeping on duty in violation of Renown’s policy.
Plaintiffs cannot establish a prima facie case of retaliation based on Brock’s request to speak to Renown’s hospital administrator after plaintiffs’ supervisor accused them of sleeping on duty. See Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1196-97 (9th Cir.2003) (to make out prima facie case of retaliation, plaintiffs must show that: (1) they engaged in protected activity; (2) defendant subjected them to adverse employment action; and (3) causal link exists between protected activity and adverse action). Brock’s request was not a “protected activity” because she did not oppose an unlawful practice. See id. at 1197 (protected activities include filing charge or complaint, providing testimony regarding employer’s alleged unlawful practices, and engaging in activity intended to oppose employer’s discriminatory practices). Further, Aranda presents no evidence of a relationship between Brock’s request to speak to the hospital administrator and Aranda’s complaint to the hospital administrator six months earlier.
Summary judgment was properly granted.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.