**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL MENDOZA, | No. 12-16254 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-01286-LHK |
| v. | |
| LEHIGH SOUTHWEST CEMENT COMPANY, AKA Lehigh Hanson Heidelberg Cement Group, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Saul Mendoza appeals pro se from the district court's judgment in his

employment action alleging, among other things, harassment based on his

disability, race and national origin.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012), and for an abuse of discretion its decision whether to apply equitable estoppel or tolling, *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). We affirm.

The district court properly dismissed Mendoza's federal claims because Mendoza failed to file a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), and he failed to demonstrate a basis for equitable estoppel or tolling. *See* 42 U.S.C. § 2000e-5(e) (setting forth the time for filing a complaint with EEOC under Title VII); *Leong*, 347 F.3d at 1123 (discussing the requirements for equitable estoppel and tolling); *see also* 42 U.S.C. § 12117(a) (adopting 42 U.S.C. § 2000e-5 procedures for claims under the Americans with Disabilities Act). Moreover, the district court did not abuse its discretion by denying Mendoza's request for leave to amend these claims. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile or if previous amendment failed to cure deficiencies).

The district court did not abuse its discretion by dismissing Mendoza's new claims for "Punishment, Mislead, Accomplishment, and Negligence" because

Mendoza failed to seek leave to add these claims. *See* Fed. R. Civ. P. 15(a)(2) (other than amending "as a matter of course," a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave"). Moreover, Mendoza failed to state cognizable claims. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (explaining that "a Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory'" (citation omitted)); *Ladd v. County of San Mateo*, 911 P.2d 496, 498 (Cal. 1996) (elements of a negligence claim under California law).

Mendoza's contention that the district court did not consider his work-related injuries or pro se status is unpersuasive.

**AFFIRMED.**