**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL GARCIA, AKA Miguel Garcia Rebollo,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>HONEYWELL INTERNATIONAL, INC., a Delaware corporation; HONEYWELL AEROSPACE DE MEXICO SA DE CV,<br><br>               Defendants - Appellees. | No. 12-17353<br><br>D.C. No. 2:12-cv-00840-FJM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Miguel Garcia, AKA Miguel Garcia Rebollo, appeals pro se from the district

court's judgment in his Title VII employment action for wrongful termination,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

harassment, retaliation, discrimination, unlawful employment practices, and emotional distress. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012) (failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (failure to exhaust administrative remedies). We affirm.

The district court properly dismissed Garcia's claims for discrimination, harassment, retaliation, unlawful employment practices, and wrongful termination arising out of his June 9, 2009 termination because Garcia failed to exhaust his administrative remedies under Title VII in a proper manner. *See* 42 U.S.C. § 2000e-5(e)(1) (a person seeking relief under Title VII must file a charge with the state or local EEOC administrative agency within 300 days of the alleged unlawful employment practice).

The district court properly dismissed Garcia's claims for discrimination, harassment, retaliation, and wrongful termination arising out of his March 16, 2010 termination because Garcia failed to allege sufficient facts to show that he was subject to adverse employment actions due to a protected activity or status under Title VII. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642, 646 (9th Cir. 2003) (elements of hostile work environment, harassment, and retaliation claims under Title VII); *Leong*, 347 F.3d at 1124 (elements of discrimination claim under

2                                                                                            12-17353

Title VII).

The district court properly dismissed Garcia's claim for intentional infliction of emotional distress because the conduct alleged in Garcia's complaint was neither extreme nor outrageous. *See Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. 1969), *overruled on other grounds by Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781 (Ariz. 1989) (defendant's conduct must be so outrageous and extreme "as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Garcia leave to amend because amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (setting forth standard of review and explaining that "[a] district court does not err in denying leave to amend where the amendment would be futile").

We reject Garcia's contentions relating to judicial bias and due process violations.

**AFFIRMED**.