**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENNETH JONES,

        Plaintiff-Appellant,

v.

COUNTY OF SAN DIEGO, a
Government Entity; et al.,

        Defendants-Appellees.

No.    22-55921

D.C. No.
3:20-cv-01989-GPC-DEB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted November 17, 2023[**]
Pasadena, California

Before: RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

Kenneth Jones (Jones) appeals the dismissal of his action under 42 U.S.C.

§§ 1983 and 2000d against the County of San Diego, the Alpine Sheriff's

Department, the City of San Diego, and the San Diego Police Department. The

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court ruled that Jones's action was time-barred and that he was not entitled to equitable tolling.[1]

We review the denial of equitable tolling for an abuse of discretion. *See Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jones's cause of action accrued in March, 2018. *See Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (observing that a cause of action accrues under § 1983 "when the plaintiff knows or has reason to know of the injury that is the basis of the action") (citations omitted). Jones's action, filed seven months after the limitations period expired, was untimely. *See* Cal. Code Civ. P. § 335.1 (two-year statute of limitations in California for battery actions).

The district court did not abuse its discretion in denying equitable tolling. Jones was not entitled to equitable tolling for his incarceration because he was not incarcerated when his claim accrued. *See Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (explaining that the "touchstone" for applying California's tolling provisions to incarcerated individuals is "actual, uninterrupted incarceration"); *see also* Cal. Code Civ. Proc. § 352.1(a) ("If a person entitled to bring an action . . . is,

---

[1]Because the district court decided that Jones's action was time-barred, it declined to address whether Jones stated a plausible claim.

*at the time the cause of action accrued*, imprisoned on a criminal charge, or in execution of the sentence of a criminal court for a term less than life, the time of that disability is not part of the time limited for the commencement of the action[.]") (emphasis added).

Jones was not entitled to equitable tolling for miscalculating the limitations period. *See Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 59 Cal. App. 5th 965, 969 (2021) ("[I]t is not objectively reasonable for an attorney to miss a deadline to file a petition due to a failure to appreciate easily ascertainable legal principles. . . .").

Finally, Jones does not dispute the district court's conclusion that his action would be untimely even if the district court tolled the limitations period for his stroke, hospitalization, and rehabilitation. In any event, Jones failed to allege facts demonstrating reasonableness and good faith. *See McDonald v. Antelope Valley Comm. Coll. Dist.*, 194 P.3d 1026, 1033 (Cal. 2008) (observing that, under California law, equitable tolling requires "a showing of three elements: timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff") (citations and internal quotation marks omitted).

**AFFIRMED.**